afternoon of uh consistent consolidated cases 4-18-0019 and 4-18-0020 people versus tyrone mckinney appearing for mr mckinney is attorney william gregory for the state is attorney james brian williams good afternoon counsel mr gregory are you ready to proceed you may be seated good afternoon your honors my name is william gregory with the law firm of code gregory naminsky and we represent tyrone mckinney in this matter and um as you know mr mckinney has filed a motion to withdraw his guilty plea that was entered in both cases that are now consolidated before this court and just briefly as far as the history of the case um mr mckinney was contesting these matters until uh the state made an offer um that they would allow the recommendation for him to be placed into the impact incarceration boot camp program within the illinois department of corrections as part of his sentence um once that offer was made obviously myself i went through the administrative code uh section 460.20 in regards to the program i went through that with uh mr mckinney and on four occasions prior to him uh entering the plea in this case we contacted the illinois department of corrections and went through his his past criminal history uh his current charges uh what the plea offer was going to be if accepted went through the regulations as set forth in the administrative code went through all of that with him and verified with the illinois department of corrections that he met the eligibility requirements and that he would be eligible and be able to be placed into the impact incarceration program if in fact the state agreed to that and the court signed off on the recommendation for that that was statutory requirements in regards to the eligibility for impact current incarceration right correct that is the the administrative code section 460.20 lists the eligibility criteria for a person to be placed into the impact incarceration program i'm talking about the criminal code uh section uh 5-8-1.1b and item number two indicates the person has not previously participated in the impact incarceration program and has not previously served more than one prior sentence of imprisonment for a felony in an adult correctional facility is that right that is correct and that mirrors the administrative code as well okay so uh did uh mr pinney meet that particular eligibility requirement that i just read uh in other words did you determine whether or not he had served more than one uh prior prison sentence yes we did actually that was part of the conversation with the department of corrections because he had actually been sentenced on three separate cases but he served them all concurrently um so and they had they had advised us that because he served them at one time that that is considered to be one prior sentence of imprisonment and so therefore even though it was three cases combined that he was sentenced on that in fact because he served all of those at one time and he was only in the department of corrections on one occasion that he would still meet those eligibility requirements when you say concurrent i just i'm not sure that i understand there were two different counties right that uh he was uh they were two different counties but they were actually served at the same time within the department of corrections well did he enter the department of corrections for all three at the on the same date i believe he was already in the department of corrections on the one and they sentenced him to the other and sentenced it as as concurrent jail time so he wasn't readmitted on those cases he was already he was already there but they just included those within the sentence that he was already given i still don't understand how that all three of those could constitute one sentence well and if that's not correct that would that is what that is why we contacted the department of corrections on four separate occasions going through this information just to make sure that in fact that was not an issue that was part of the discussion and we were told by in our discussions with the state's attorney's office and on our discussions with the department of corrections that that was not an issue so it is our understanding that because of the circumstances and how he served this time that he may he met that requirement is it legal counsel the department of corrections you're referring to or what division of the department actually i contacted the department of corrections and was referred to the actual one of the administrators for the for the boot camp program and that is the individual that i spoke with thank you actually i talked to three different people at the department of corrections um but that was one of the individuals i talked to and one of the counselors at the department of corrections one of the administrators and uh another individual i just i don't remember what their position was so it's your position that uh mr mckinney's history uh prior criminal history and the sentences that he served in department of corrections uh made him out still allowed him to be eligible for boot camp incarceration that that was our understanding that was what we were advised prior to him accepting the plea is that that that was and so i guess that putting aside that if you you you're going back to what you were advised i mean this is a statute that we're referring to here um that is uh something that is an attorney you know you have to counsel your client it's not the department of corrections that's uh determining whether or not he's statutorily eligible that's for the uh the the court and the parties initially who are contemplating the plea to be satisfied with right correct and i was satisfied that he had only had one he was only he only served one prior term of imprisonment in the department of corrections and so how did you ascertain that just because of in reviewing the the prior court documents from macon county and mcclain county in regards to those prior cases and reviewing the the sentencing orders on those cases it was he was sentenced to on all of those cases to the same period of incarceration in the department of corrections he served them all together at one time okay sorry no go ahead can you cite any authority that um defines whether concurrent sentences served at one time from different counties was in any way adjudicated in an impact incarceration situation such as this i cannot and that's one of the reasons why i consulted with the state's attorney's office in the department of corrections just to verify that what i was the way i was interpreting it was the way that they would be interpreting it as well because i didn't want to advise him that he was eligible when in fact he was not and so that that obviously was an issue of concern but when i looked at the the sentencing orders and they were all he was sentenced to all of them at the same period of time he was in the department of corrections at the same period of time on all of those cases and then i discussed it with the state and i discussed it with the department of corrections and they came back and basically affirmed my thought on that or my my interpretation of that that made me believe that that he was in fact statutorily eligible at that time that that uh part two used the language has not previously served more than one prior sentence of imprisonment for a family in a correctional facility and i'm not faulting you here counsel i'm just saying if we look at this is there room for interpretation and was the interpretation given by the doc correct based upon a reading of the statute of course we rely upon them to apply the statute because they're the ones that are doing this but all right you would you can see he's been convicted of three felons yes in two different counties yes but because of the way the sentence was aggregated we think he's eligible yes we being you doc and apparently the prosecutor correct so obviously if we would be incorrect on that then he would i think that would also be an issue in regards to him accepting this plea agreement because the entire issue in this case is is that he accepted this agreement with the understanding that he would be he would he was recommended for the placement in the program he wasn't placed into the program and the only reason that he was ever given or provided was because of his criminal history and he was never given an that criminal history would prevent him from being placed into the program and since we had went through the eligibility criteria and the checklist with doc on multiple occasions and talked to the state's attorney and and the judge signed off on the recommendation it was our understanding that that having gone through that process we had hit those checklists and that you know it was he between 17 and 35 years of age yes you know had he served just one prior term of a sentence of imprisonment in the in the department of corrections based on our interpretation of in discussion it was our understanding that the answer was yes had he been convicted of any of the listed offenses to which would prevent him from being eligible to be placed into the program the answer was no you know would he be sentenced to a term of one between one and eight years for the plea agreement yes uh you know was he able to physically participate in strenuous activities we understood that he was going to undergo a physical once he got to the department of corrections to determine whether or not he would actually be able to do that and that that was something that he was his placement in the program was subject to him being able to establish that he would physically be able to do that that he would not have a mental disorder or disability that would prevent participation again he was going to have to meet with someone go under and go through an interview go through a you know some sort of a physical and mental evaluation determine his ability to handle the program and we understood that that's that's a criteria that he has to meet once he's there that he must consent to the program and the terms and conditions he did that um and then he must be approved for placement in the program by the court sentencing order and he met that as well and so i understand that the department of corrections may have discretion but no more should they have discretion to say you're 30 years old so therefore we don't want to place you into the program when the code says if you're between 17 and 35 you're eligible you know or you know that you've been sentenced to seven years but we think that that's too many we think you should serve the seven years instead of being placed into the program well that's what the code says that's what the statute says they should have they shouldn't be able to to have defense counsel and defendants in this state look at the eligibility put in the statute rely on that go through and plead guilty to to a charge and then once they're placed in the department of corrections that eligibility criteria is taken away from them based off of factors that have already been approved that have already been stated in the in the statute and in the code that these are the factors that you need to meet and that these if you meet these factors they won't prevent you from getting into the program and yet that's that's exactly what's preventing him from getting into the program with no other explanation no no nothing that's been provided that says that there was an issue with you failed the physical or there was an issue with you failed our our our our mental test as far as whether you would be able to mentally be able to complete this and i understand that as the state mentioned in their argument that this is based off of what he's telling us but that's all we have to go off of i mean the record solely consists of that that the state never came back and said you know oh well no we talked to the department of corrections and he failed the physical or no we talked to the department of corrections and there was you know some sort of an issue with you know with the mental evaluation of his ability to participate in the program or you know no there was some other issue related to this they never contested that they never came back and said no you're wrong you know that's not why you weren't placed into the program well don't they have discretion to look at the types of offenses uh that were contained in his criminal history and to be able to make a determination if he should be accepted into boot camp based on that and that would fit with what uh uh defendant asserted was the uh the basis for being rejected quote based upon his criminal history close quote uh uh so wouldn't the type of offense be something that they could look at and have discretion uh to make that judgment well in that in that case then what's the point of the administrative code i mean why are why are you creating a statutory list of these are the offenses that would say you know if you've committed one of these you're not eligible to be placed into the however if you haven't then you're eligible to be placed into the program and then for the department of corrections to say oh well we're going to add to that list you know we're going to make it to where if you've been convicted of one of these oh or a myriad of other things that that you may have have been convicted of what's what's the point of the code well why do we have it if well what's if there's no between eligibility and acceptance i mean there must be something built into this which requires doc to accept or not accept even if eligible right i asked another way if you are eligible do you automatically get in well clearly not i mean but i don't mean in this case i mean in any case yeah no i mean there are certain things that the department would have discretion over to say okay and what are those things well i guess what i would say is i would say that for example that it says are you able to physically participate in the strenuous activities okay well you failed the physical you can't participate in that what if you've got a lengthy criminal history but you don't put into those categories the most serious offenses and you've only had to go to prison once but you've had a history of crimes for which you've been given juvenile probation adult probation intensive supervised probation jail time would that be that's not this case but right could that be something that they could use their discretion on and say we have only so many slots we'd rather use them for somebody that has less of a less of a history but and and i think maybe but i think under those circumstances it would be because of we're looking at your criminal history and you've been given probation four times you know and you've you've unsuccessfully completed that you'd want them to explain right and well and just to say you know based off of that we believe that there is there is a an issue with compliance with our program and it's not we're not we're just denying you because we don't like your criminal history but we we're denying you because you know you have to consent to following our rules and you clearly you clearly have demonstrated that that's not going to happen here but it's not based off of what he was convicted of but based off of their interview and review of the circumstances and saying based off of what we have we do not believe that you are going to be able to complete this program and so you're not you're not you're not a proper candidate for this because of the fact that you've demonstrated that you're not going to comply with x y or z but that's different than saying well you've got a conviction for burglary so we're not going to let you in oh but by the way but that's not on the list so when you're when you're when you as a defendant are sitting there and saying should i accept this plea offer and this recommendation that i might be able to put into this program and burglary is not on the list of something that's going to keep me out and then i'm there and i take that i take that inducement and i say fine you know what i'll accept this with that recommendation and then they say well you've got a burglary conviction so you're not in well wait a minute i was told that a burglary conviction was okay you know we called the department of crisis four times we looked at the eligibility code we looked at the statute it doesn't say that there's an issue with with me having committed a burglary offense in the past and me being able to be placed into the program so and that's where mr mckinney is at he's like well i feel like i was misled because i was told these are the eligibility requirements these are the offenses that will keep you know keep you out of the program i get here and that's the only thing keeping me out of the program that i'm aware of not anything of well you know we think that you're a bad fit for this program because of x y or z or because you've you know failed the physical or because you've got some mental issues or you know you've got some you know some problems with the program as structured and following it but just specifically just your criminal history that's not what he was told and so that's why he's asking the court to allow him to withdraw his guilty plea the council isn't isn't there an assumption in that argument in that it was one of their three priors that led to a decision the criminal history was the problem because when we review the administrative code there appears to be a catch-all provision which i'm sure you're familiar with wherein to determine whether to accept an eligible committed person into the program the department may consider a person's criminal history including outstanding warrants and detainers that seems to read as a catch-all that the department of corrections can make a determination as has been suggested by the court that based upon something about the defendant's priors makes it inappropriate for the boot camp and his discretion not to accept that individual well and again i think that goes back to if they look at the priors and there's there's this prior history of him refusing to comply you know him refuse you know it issues within that criminal history that demonstrate that there's there's an issue with him being able to to participate in the program but just to say you know you've got you've got a burglary conviction and so therefore we're not going to put you into the program when the eligibility requirements and everything that he's looking at before he accepts that plea agreement say that that's that's not something that's keeping you out of this program it just it doesn't seem to to to be fair to the defendant that he's making the decision based off of these eligibility criteria that he's provided and then that changes once he's in the department of correction but what is made clear at the time of the plea with the paperwork and the admonishments is that it's merely a recommendation by the court correct i understand but he's also accepting that recommendation and accepting that plea based off of what he's been told up to that point well i guess so then just to take you back to my question it appears to read to this jurist that it's a catch-all provision allowing the department of correction the discretion to determine this particular defendant may not be as appropriate for impact incarceration as another dependent well but that also if admonishing your client we need also take up this potential of a catch-all that's on a recommendation well but but the but it should also be read together i mean they're they're you know i think that the statute the statute is read as a whole and so when you're looking at it you're saying this is a catch-all but then you're also looking at it and saying there's this list that says this is what's going to keep you out of the program you have to you have to put them both together and i guess under those circumstances i believe that that the reason for him not being placed in the program should allow him to withdraw his guilt thank you counselor you're out of time you left i'm in rebuttal mr williams thank you your honor my name is james ryan williams and on behalf of the state's attorney's appellate prosecutor it's my privilege to represent the people of the state of illinois before this honorable court um i would begin uh i'm going to begin by addressing your honor's concerns uh this the this issue with respect to the single prior term this was not a focus of briefing and i unfortunately have to concede i um i don't have a well-founded opinion on the matter and the focus of the briefing here was the nature of the offenses not the numerosity i would be happy to uh do supplemental briefing if it would please the court uh but it was my understanding based on my review that the uh that the defendant was in fact eligible for impact incarceration i'll note if this court determines that as a matter of law he was not eligible i may be mistaken but i believe the davis case would probably control in that circumstance i'm not sure that the record is sufficient to be able to make this determination i mean we have to you have to go to the doc website which actually have looked at and it's not uh clear as to whether or not there was a single sentence first as uh represented here or uh whether there were multiple sentences what's in the record doesn't make clear uh whether or not there was a single sentence versus uh multiple sentences although it i just i don't understand how there could be a single sentence for multiple felony offenses from different counties that and uh sentences entered by the courts in those separate counties there wasn't some consolidation of cases within one county it just to me that we have unanswered questions here i agree your honor um now it did seem unclear on this record and like i say the focus of the briefing unfortunately was the nature not the numerosity of the convictions uh so i would just briefly note that assuming that he is in fact eligible again if he's not i suspect that may be dispositive of this appeal appeal equally but assuming that he is in fact eligible as your honors noted uh you know there is a difference between eligibility and acceptance um the fact that he was eligible did not mean that he was accepted and the fact that he was denied not mean that he was ineligible um and here the you know the state and the court really i'm not sure that they could have done much more to to make it clear that even though he was eligible again working under the assumption that he was um but that did not mean that he would be accepted he signed a consent form that the state provided and then filed with the court where he acknowledged in three separate ways that he understood that the decision was entirely dependent on the and that he may not be accepted and that if he's not accepted he has to serve his term the court then separately admonished him at the plea hearing that um the court the court stated i understand that you've signed this consent form but i want to make sure you understand that that that the department of corrections has to accept you he acknowledged that um the court then said just because i say that you qualify does not mean that they will accept you he acknowledged that they discussed the matter further the court asked if he has any questions and he indicates no i have full understanding so as far as the the question about his understanding of eligibility i guess based on everyone's understanding of his eligibility um he i just don't think that there's really much more the court can do uh could have done to make it more clear that the mere recommendation does not guarantee acceptance let's go to the next step though do you agree with mr gregory that a lot of questions in this case would be either if not answered would be refined if the department of corrections had explained maybe in just one or two more sentences why you're not going to be accepted absolutely your honor and if the department of corrections here would have uh you know offered uh mr gregory and his client some sort of written explanation either saying that in fact we've determined you to be statutorily ineligible or we've simply determined that you know the the criminal history here with the burglaries you know if indeed he was eligible it nonetheless seems reasonable to the state that that he may not be actually accepted in the program given you know the these crimes of violence dishonesty you know and the impact incarceration program these individuals are trusted to work in our community live in less secure facilities so even if he was technically statutorily eligible it would nonetheless seem of course we don't have that explanation here from the department of corrections again it appears that he it appears again your honors have raised some very legitimate questions but it appeared on my review that he was eligible and assuming he was in fact eligible i don't think that there's uh that he's been able to make provide any substantial proof that his mistaken impression as to eligibility was was reasonably justified um and and he frankly they are the records also devoid of any proof that that his criminal history was indeed the sole basis for his denial but even if it was that would not necessarily mean that he was in fact ineligible so again assuming that he was assuming that this court agrees that he was in fact statutorily eligible his alleged misunderstanding of that is is just it frankly it's completely rebutted by the record i don't think that the court or the state could have done any more to make this clear to him that the mere recommendation was not the equivalent of acceptance into the program and unless this court has any further questions i see none thank you your honors okay thank you mr gregory rebuttal argument i guess i would please support the council um i guess i would just state that obviously as the state has said this was went through clearly with mr with mr mckinney in regards to to that eligibility and so i believe that it was it was just repeatedly and he was repeatedly informed that he was eligible based off of uh you know based off of the requirements and so if in fact he was not i believe that that would be a motion to withdraw and also i guess i would offer as the state has if it would assist the court i would be more than happy to file a supplement with providing you with a copy of the macon and mcclain county sentencing orders from the prior cases if you feel like that would be of assistance to the court all right thank you appreciate the offer counsel thank you both case will be taken under advisement